IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

HERNAN JUNIOR SULBARAN-CAMBAR,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
Field Office Director, ICE ERO;
Acting Director, ICE;
Secretary, DHS; and
United States Attorney General,

Respondents.

Case No. 26-3393-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner was detained by immigration officials on September 10, 2026, and he remains in custody in this judicial district pending removal proceedings. Petitioner filed the instant action on October 19, 2026; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that he may only be detained under 8 U.S.C. § 1226(a), which allows for discretionary release on bond; and that his detention without a bond hearing violates those statutes, due process, and applicable regulations. In answer to those claims, respondents have provided evidence that on September 11, 2026 – the day after petitioner was detained – officials made a custody determination for petitioner pursuant to Section 1226, and that on the notice of that determination petitioner indicated his request for a bond hearing. Accordingly, petitioner was not and is not detained under Section 1225(b)(2)(A), and a bond hearing is available to him under Section 1226(a).

In his traverse, petitioner argues that the Court should nevertheless grant relief and order the Government to conduct a bond hearing because an immigration judge could invoke Section 1225(b)(2)(A) and decline to consider a bond request on the merits. As the Court has noted in similar cases, however, the Government is effectively bound by its representation – and its position in this litigation – that petitioner is being detained under Section 1226(a) and may therefore obtain a bond hearing; and thus there is no reason to believe that an immigration court would refuse to consider a bond request on the merits. *See, e.g.*, *Salazar Coto v. Mackey*, 2026 WL 2408777, at *1 & n.2 (D. Kan. Aug. 18, 2026) (Lungstrum, J.) (noting that it is incumbent on the Government to make sure that the merits are considered at any bond hearing). Petitioner also states that a bond hearing still has not been scheduled, but petitioner has not alleged that he has made any request to the

immigration court specifically for a bond hearing. Therefore, because petitioner has not shown that he has been denied a bond hearing in violation of the law, the Court declines to grant habeas relief, and accordingly, it denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge